JULIA A. PETERSON, Appellant, *v.* JOAN A. DE BAUN, Respondent.

*Ejectment — a claim of title in an answer is an ouster — gift of a testator's residuary estate after the termination of three life estates — when the remainders vest.*

In an action of ejectment, a claim of title and possession set up in the answer is sufficient to constitute an ouster within section 1515 of the Code of Civil Procedure.

A testator by his will provided as follows: "I do further give, devise and bequeath to the widow and heirs of my brother, Isaac Deronde, deceased, after the death or remarriage of my said wife Elizabeth, for and during each of their natural lifetimes, in equal proportions, all the residue of my real estate not herein otherwise disposed of, or sold by my executors, as above directed, and after each of their decease then to their heirs and assigns, each set of children to enjoy that proportion thereof what would have belonged to their parents if alive."

The widow of the testator's brother was Margaret, and the heirs of the brother were two daughters, Martha Ann and Margaret. The widow Margaret left as her heirs the two daughters, Martha Ann and Margaret.

*Held,* that the vesting of the remainders was not suspended until the death of all three of the life tenants, so that they would then vest in the heirs of the two daughters equally;

That under the will the daughter Margaret took a life estate in one-third, and a remainder in another sixth, subject to be divested by her own demise prior to that of her mother, Margaret, which remainder was subject to alienation.

APPEAL by the plaintiff, Julia A. Peterson, from a judgment of the Supreme Court, in favor of the defendant, entered in the office of the clerk of the county of Rockland on the 6th day of June, 1898, upon the decision of the court rendered after a trial before the court without a jury at the Rockland Trial Term.

*George R. Bristor,* for the appellant.

*Garrett Z. Snider,* for the respondent.

CULLEN, J.

This action is in ejectment to recover an undivided fifth part of certain lands in the county of Rockland. The answer of the defendant denied any knowledge or information sufficient to form a belief as to plaintiff's interest, and alleged title and possession in himself. The trial court found that the plaintiff had an interest in the property, but held that there had been no actual ouster of the plaintiff by the defendant, and on this ground dismissed the complaint. This disposition of the case was erroneous. The claim of title and possession set up in the answer was sufficient to constitute an ouster within section 1515 of the Code of Civil Procedure. It becomes necessary, therefore, to examine the title of the plaintiff.

The brief of the appellant is devoted to establishing the proposition that the defendant showed no title on the trial, but little is said on the subject of her own title. The question of the defendant's title was entirely immaterial, as the plaintiff must succeed on the strength of her own title, and not on the weakness of that of her adversary. The evidence showed that the premises belonged at the time of his death to Samuel Deronde, who died in the year 1834, leaving a will, which, so far as it relates to the property in controversy, is as follows:

" After all my just and lawful debts and funeral expenses are paid, I do give, devise and bequeath to my wife, Elizabeth, as long as she remains my widow, all the rest and residue of my estate of every nature and kind wherever situate or being. And I do further give, devise and bequeath to the widow and heirs of my brother, Isaac Deronde, deceased, after the death or remarriage of my said wife, Elizabeth, for and during each of their natural lifetimes in equal proportions, all the residue of my real estate not herein other-

wise disposed of, or sold by my executors, as above directed, and after each of their decease then to their heirs and assigns, each set of children to enjoy that proportion thereof, what would have belonged to their parents if alive."

The widow of the testator's brother was Margaret, and the heirs of the brother were two daughters, Martha Ann and Margaret. Since the abolition of the rule in *Shelley's* case, the heirs of Martha and those of the two Margarets took as purchasers. The widow, Margaret, left, as her heirs, her two daughters, Martha and Margaret. Margaret, the younger, left as her heirs two children (one of them the plaintiff) and the children of a deceased child. Martha left two children. The plaintiff contends that the remainders were not to vest until the death of all three of the life tenants, and then vested among the heirs of the two daughters equally. On this theory she bases the claim set forth in the complaint that she is seized of an undivided fifth. The language of the will does not afford even plausible ground for such contention. It is sufficient to say, however, that if the construction contended for was the true one it would end the plaintiff's claim of title, for it would suspend the power of alienation for three lives, which would render the devise void. Under the will the plaintiff's mother Margaret, the younger, took a life estate in one-third and a remainder in another sixth, subject to be divested by her own demise prior to that of her mother Margaret, the elder. This remainder was subject to alienation (*Sheridan* v. *House*, 4 Keyes [N. Y.], 569; *Moore* v. *Littel* (41 N. Y. 66), and Margaret, the younger, conveyed it away by her deed. She survived her mother, and, hence, on her death her heirs took only the third in which she had held the life estate. The plaintiff is, therefore, seized of an undivided ninth of the premises.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concurred.

Judgment reversed and new trial granted, costs to abide the event,